Holly Roark, ISB No. 7143
ROARK LAW OFFICES
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (208) 536-3638
Email: holly@roarklawboise.com
Attorney for Defendant, Kenny Kramm

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **MWI VETERINARY SUPPLY CO.,** | **Case No.** 1:15-cv-00347-BLW |
|        **Plaintiff,** | |
| **vs** | **DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO:** |
| **KENNY KRAMM, d/b/a CENTER PET PHARMACY,** |     **(1) LACK OF PERSONAL JURISDICTION** |
|       **Defendant.** | -  **OR IN THE ALTERNATIVE FOR -** |
| | **(2) IMPROPER VENUE AND FORUM NON CONVENIENS** |
| | -  **OR IN THE ALTERNATIVE –** |
| |   **MOTION TO TRANSFER VENUE** |
| | **[Memorandum of Points and Authorities and Declaration of Kenny Kramm concurrently filed herewith in support]** |

COMES NOW defendant Kenny Kramm, d/b/a Center Pet Pharmacy ("Defendant", and

"Mr. Kramm") by and through his undersigned counsel, Holly Roark, and moves this Court to

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 1**

Dismiss the Verified Complaint for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure; or in the Alternative, for Improper Venue and Forum Non Conveniens pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. § 1391(a); or in the Alternative, to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the District, Maryland, Greenbelt Division.

This Motion is supported by the accompanying memorandum of points and authorities, the supporting declaration of Kenny Kramm, all exhibits, and all documents and pleadings in the Court's file.

DATED this 4th day of September 2015          ROARK LAW OFFICES


_/s/Holly Roark_____ _____
Holly Roark, Attorney for Defendant, Kenny Kramm

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 2**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff MWI Veterinary Supply Co. ("Plaintiff") brought suit against Defendant in the Idaho state court (District Court of the Fourth Judicial District of the State of Idaho, County of Ada), for breach of a personal guaranty arising out of a written agreement allegedly signed by the parties. In the Complaint, while Plaintiff did allege that it is a corporation, authorized and doing business in the State of Idaho, it failed to allege any jurisdictional allegations with respect to Defendant, and further made no allegations as to why venue in Idaho, and particularly in state court, would be proper. Accordingly, pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, the pleading fails to contain a "short and plain statement of the grounds for the court's jurisdiction."

The Agreement attached to the Complaint does not appear to have a forum selection clause or a choice of law provision, but Defendant is informed that Plaintiff may be able to amend its Complaint to make those allegations, and that there may be additional pages to the alleged Agreement which are not attached to the Complaint. Accordingly, Defendant will address those issues in this brief.

Defendant at all relevant times was and is an individual who is a resident and citizen of the State of Maryland, County of Montgomery. He has no connection to the state of Idaho, did not sign any agreement in Idaho, has not visited Idaho, and has not transacted business in Idaho. He had no knowledge that Plaintiff is an Idaho corporation, and has its principal place of business in Idaho. At all times, Defendant transacted business with a local representative in the Maryland and Washington D.C. area and believed that he was dealing with a local east coast business. All

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 3**

potential witnesses and evidence are located in Maryland and the D.C. area, and no witnesses appear to be in Idaho.

Furthermore, due to Defendant's health condition, he is not allowed to fly, and so could not meaningfully participate in this litigation in Idaho if the action were to remain in this state. As well, it would be a financial strain for Defendant to defend the action in Idaho, as he would have to drive from Maryland to Idaho, and would have to pay for lodging. Moreover, it would be difficult to coordinate the Maryland/D.C. witnesses to appear in Idaho for this action.

Accordingly, Defendant respectfully requests that the Court dismiss this case because the Court lacks personal jurisdiction over the Defendant, the venue is improper, the forum is inconvenient, and the interest of justice so requires. In the alternative, Defendant respectfully requests that the Court transfer venue to the District, Maryland, Greenbelt Division.

## II.

## BACKGROUND

Plaintiff is a supplier of veterinary supplies. Defendant was the owner of a pet pharmacy in Washington D.C. called Center Pet Pharmacy, Inc., (incorporated in Washington D.C.), which filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland on May 7, 2013, Case No. 13-18018. The business closed when it filed bankruptcy, and it remains closed.

On or about June 30, 2015, Plaintiff filed its Complaint against Defendant in the Court for the Fourth Judicial District of the State of Idaho, in and for the County of Ada, in a case denominated as Case No. CV-2015-11173. In the Complaint, Plaintiff asserts a breach of personal guaranty claim against Defendant, seeking $106,652.93 in damages, interest at the rate of 12%, attorneys' fees, and costs. The Plaintiff attached to the Complaint filed with the state Court what purports to be the written agreement between the parties. It is one page and is not very legible.

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 4**

The claim arises out of an alleged written agreement between Plaintiff and Defendant or Defendant's company for veterinary supplies. Plaintiff alleges that it supplied Defendant with veterinary supplies, and that Defendant personally guaranteed payment, and has breached that agreement by failing to pay the sum of $106,652.93.

Notably, Plaintiff previously sued Defendant on this same claim in Maryland state court, Circuit Court for Montgomery County on October 25, 2013, as Case No. 383417V. After litigating that case for almost a year and a half, Plaintiff voluntarily dismissed the case on February 5, 2015.

Defendant did not file a responsive pleading in the state court case, but on August 28, 2015, removed the matter to federal court on the grounds of diversity jurisdiction. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was timely filed within 30 days of service of process. The Defendant was served with process on Sunday, August 9, 2015. This Court has diversity jurisdiction over actions in which the amount in controversy between the parties exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the parties are "citizens of different States." 28 U.S.C. § 1332(a). Here, the amount in controversy is over $75,000, and the parties are citizens of different states since Plaintiff is incorporated and has its principal place of business in the state of Idaho, while Defendant is a resident and citizen of the state of Maryland.

In the event that Plaintiff amends its complaint to allege a forum selection clause and choice of law provision indicating that Idaho is the proper forum for litigation and that Idaho law will apply to the action, defendant sets forth herein the analysis that such forum selection clause is not enforceable and that the parties will not be prejudiced if a Maryland court is required to apply Idaho law.

## III.

## STANDARD OF REVIEW

In a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof of demonstrating that jurisdiction is appropriate. *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The Court must take the plaintiff's uncontroverted allegations as true and conflicts between the parties over statements in affidavits are resolved in plaintiff's favor. *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

In a Rule 12(b)(3) motion to dismiss for improper venue, the Court need not accept the pleadings as true and may consider facts outside the pleadings. *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005).

## IV.

## ANALYSIS

### 1. Personal Jurisdiction

#### A. <u>Idaho Law Applies</u>

Personal jurisdiction over both parties is required before a court may decide a case in controversy. U.S. CONST. AMEND. XIV. As there is not a federal statute governing personal jurisdiction in this case, Idaho law applies. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In order for an Idaho court to exert jurisdiction over an out-of-state defendant, the Supreme Court of Idaho has imposed a two-part test. *Smalley v. Kaiser*, 130 Idaho 909, 912, 950 P.2d 1248, 1251 (1997). First, the act giving rise to the cause of action must fall within Idaho's long-arm statute and second, the constitutional standards of due process must be met. *Id*.

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 6**

Idaho's long-arm statute grants jurisdiction to Idaho courts over causes of action which arise from, among other things: "[t]he transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective...;" and "[t]he commission of a tortious act within this state." IDAHO CODE § 5-514(a), (b). In adopting § 5-514, the Idaho Legislature intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. *Houghland Farms, Inc. v. Johnson*, 803 P.2d 978, 981 (Idaho 1990). Thus, the inquiry is the same under both Idaho's long-arm statute and the federal due process clause and the Court need only decide whether asserting personal jurisdiction complies with due process. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

### B. <u>Types of Personal Jurisdiction: General and Specific</u>

There are two types of personal jurisdiction - general and specific. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). General jurisdiction is exercised by a state when personal jurisdiction is asserted over a "defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicoptores Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 n. 9 (1984). This occurs when the defendant has "substantial" or "continuous and systematic" contacts with the state to the extent that these contacts approximate physical presence. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000).

### C. <u>Requirements for Specific Jurisdiction</u>

Specific jurisdiction is exercised by a state when it asserts personal jurisdiction over a defendant in a lawsuit arising out of or related to the defendant's contacts with the forum state. *Helicoptores v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Specific jurisdiction depends on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action.

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 7**

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).  The Ninth Circuit has established a three-part test to determine whether a court may exercise specific personal jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which *arises out of or relates to* the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be *reasonable*.

*Id*. (emphasis added.) *See also Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995).  The Ninth Circuit has also noted that these "contacts" requirements can be lessened if considerations of reasonableness so demand.  *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986).

The first requirement of "purposeful availment" or "purposeful direction" ensures that a defendant is not haled into court because of random, fortuitous or attenuated contacts or on account of the unilateral activity of third parties.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Purposeful availment and purposeful direction, although often used interchangeably, apply to two different situations, particularly in Ninth Circuit case law. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). A purposeful availment analysis is more often used in suits involving contracts, whereas a purposeful direction analysis is used in suits involving torts.  *Id*.  This is a case involving a contract.

Purposeful availment requires a finding that the defendant has performed some affirmative conduct, such as executing or performing a contract, which allows or promotes the transaction of business within the forum. *Id*.; *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). However, an individual's contract with a nonresident defendant alone does not

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 8**

automatically establish sufficient minimum contacts for the purpose of asserting personal jurisdiction. *Id*. In *Doe*, the Ninth Circuit noted you must also evaluate prior negotiations, contemplated future consequences, terms of the contract and the parties' course of dealing. *Id*.

The second requirement for specific jurisdiction is that the contacts constituting purposeful availment or direction be the ones that give rise to the lawsuit. *Id*. at 1088. The Ninth Circuit measures this in terms of "but for" causation, that is, personal jurisdiction is proper only where "but for" the defendant's activities in the forum, the plaintiff's injuries would not have occurred. *Id*. This preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum.

The third and final requirement is that the exercise of personal jurisdiction be reasonable and comport with the notions of fair play and substantial justice. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). The burden is on the defendant to demonstrate unreasonableness. *Id*. The reasonableness determination requires a court to look at seven factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Id*.

### D. <u>Applying Particular Facts of This Case</u>

Where a motion to dismiss is based on written materials rather than an evidentiary hearing, Plaintiffs need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage*, 65 F. 3d 1495, 1498 (9th Cir. 1995).

First, Plaintiff has not even made a prima facie showing of jurisdictional facts because it

has not made an allegation of where Defendant resides or is a citizen.

Moreover, under the facts presented in this case, there is no general or specific jurisdiction over the Defendant since he has not had "substantial" or "continuous and systematic" contacts with the state to the extent that these contacts approximate physical presence, nor has he purposefully availed himself of the Idaho forum.

At all relevant times, Mr. Kramm has been and is a resident of the State of Maryland. [Kramm Decl., ¶ 2.] All contacts with Plaintiff have been in Maryland. Mr. Kramm has never been to the State of Idaho, and had no knowledge that Plaintiff had its principal place of business in Idaho and is incorporated there. [Ibid. ¶¶ 5, 6.] Furthermore, Mr. Kramm alleges that he did not even sign the contract attached to the Complaint as he was in the hospital when the contract was allegedly signed, and as a policy, he does not agree to personal guarantees of business debts. [Ibid. ¶ 5.]

Moreover, Mr. Kramm did not perform the contract in Idaho. [Kramm Decl., ¶ 5.] All business transactions between MWI Veterinary Supply Co. and Center Pet Pharmacy took place in Maryland and/or the D.C. metropolitan area. [Ibid. ¶¶ 4, 5, 6.] Since Mr. Kramm never performed any contract with Plaintiff in Idaho, there is no nexus between the cause of action and the defendant's activities in the forum, since Defendant has not acted in the forum.

The exercise of personal jurisdiction over Mr. Kramm is not reasonable and does not comport with the notions of fair play and substantial justice. (1) Mr. Kramm has not interjected himself into the forum state in that he has not performed any contract within Idaho, signed any contract in Idaho, communicated with the Plaintiff in Idaho to his knowledge, or even visited Idaho; [Kramm Decl., ¶¶ 2-6.] (2) It is highly burdensome for Mr. Kramm to defend himself in Idaho since he is not allowed to travel via plane due to his health conditions, including Deep Vein Thrombosis and embolism, and so cannot even appear in Idaho for trial or deposition, and

his witnesses are all located in the D.C. metropolitan area; [Ibid. ¶ 9.] (3) and (4) Mr. Kramm's home state or Maryland has an interest in resolving this dispute because Mr. Kramm is a Maryland resident and the alleged breach of contract occurred in the state. *CSS Antenna, Inc. v. Amphenol-Tuchel Electronics, GMBH,* CCB-09-2008 (USMD), 764 F.Supp.2d 745, 751 (D. Md. 2011); (5) Since all of the witnesses, including probably the Plaintiff's witnesses are located in Maryland or the D.C. area [Ibid. ¶¶ 7, 8.], the controversy will most efficiently be resolved in that jurisdiction; (6) Although it may be important and less expensive for the plaintiff to adjudicate the matter in Idaho where its principal place of business exists, the contract was not signed nor performed in Idaho, so it is the only party for whom this forum is convenient; and (7) There is a perfectly good alternate forum in Maryland, whether in state or federal court there. In fact, plaintiff already sued defendant there in state court, but elected to dismiss that case to sue the defendant in Idaho. There was no reason to change the forum to Idaho. Plaintiff does business in Maryland and availed itself of the Maryland forum. The matter should be adjudicated there.

For the foregoing reasons, the Complaint should be dismissed as there is no personal jurisdiction over defendant Kenny Kramm.

**2. Venue**

Defendant moves in the alternative to dismiss the pending action based on improper venue and/or forum non conveniens. Plaintiff has not made any jurisdictional allegations in its Complaint with respect to the Defendant or why venue in Idaho is proper. The contract attached to the Complaint does not provide any guidance with respect to this issue either. However, Defendant is informed that Plaintiff may be able to amend the Complaint to allege there is a forum selection clause with respect to venue and choice of law in a complete copy of the contract, and that those provisions dictate that Idaho is the proper forum and Idaho law will

govern the action, so Defendant will analyze that issue here.

Preliminarily, federal law governs in determining whether the forum-selection clause is enforceable – despite the existence of any Idaho choice-of-law provision. *See Jones v. GNC Franchising,* 211 F.3d 495, 497 (9th Cir. 2000) (applying federal law to determine enforceability of forum-selection clause, despite Pennsylvania choice-of-law clause) (citing *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988)).

The federal principles governing the enforceability of forum-selection clauses are enunciated in *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). According to *Bremen*, a forum-selection clause is prima facie valid and is only set aside if it unreasonable. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). "A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'; or (3) enforcement of the clause would contravene the strong public policy of the forum in which the suit is brought." *Id.* (internal citations omitted).

Here, all three the factors weigh in favor of Defendant. As to the first factor, Defendant was in the hospital when the alleged contract was signed, and he did not sign this agreement. [Kramm Decl., ¶ 5.] The standard procedure for Kenny Kramm and his business, Center Pet Pharmacy, was to *never* sign any personal guarantee for a business contract. [Ibid. ¶ 5.] It is not clear who would have signed this agreement in Mr. Kramm's absence, but he did not give anyone any authority to sign a personal guarantee in his name. [Ibid. ¶¶ 5, 7.] Accordingly, the agreement may be a result of fraud or overweening bargaining power.

As to the second factor, the Idaho forum is so gravely difficult and inconvenient that defendant will absolutely be deprived of his day in court since he is not allowed to travel by plane

due to his health issues. [Kramm Decl., ¶ 9.]   He will therefore not be able to appear for trial or for depositions here, unless he were to drive here, which his doctor might not even allow.  [Ibid. ¶ 9.] As well, all his witnesses and evidence are located in the D.C. metropolitan area. [Ibid. ¶¶ 7, 8.]   It will be highly inconvenient for witnesses to appear in Idaho.

Lastly, any forum-selection clause should be unenforceable for the third- listed reason – enforcement of the clause would contravene Idaho public policy.  Federal law expressly contemplates considering state policies in determining the enforceability of forum-selection clauses.  *See Bremen*, 407 U.S. at 15 ("A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, *whether declared by statute* or by judicial decision.") (emphasis added). Stated differently, federal law makes room for state policies that are hostile to forum-selection clauses.

Idaho has a strong public policy against enforcement of forum-selection clauses, which is articulated in Idaho Code § 29-110. This statute provides that "every stipulation or condition in a contract, by which any party is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals . . . is void." Idaho Code § 29-110. The Idaho Supreme Court has recognized the state's policy against enforcing forum-selection clauses many times. *See, e.g., Cerami–Kote v. Energywave Corp.*, 773 P.2d 1143, 1147 (Idaho 1989) (forum-selection clause unenforceable because it "violates the public policy expressed in I.C. § 29-110 . . . ."). Similarly, this Court has repeatedly invoked Idaho Code § 29-110 in striking down forum-selection clauses. *See, e.g., Spencer v. Capital One Bank,* Case No. CV-07-197-S-BLW, 2007 WL 2700405, at *1 (D. Idaho Sept. 11, 2007); *Brandt v. ComTrust, Inc.*, Case No. CV06-166-S-EJL, 2006 WL 2136145, at *3 (D. Idaho July 28, 2006).

Notably, Idaho Code § 29-110 does not limit its application to individuals who sign contracts without negotiating their terms. The statute applies to "every" forum-selection clause,

signed by "any" party. Idaho Code § 29-110.

For all these reasons, the Court should grant defendant's motion to dismiss based on Rule 12(b)(3).

**3. Motion to Transfer**

In the alternative, the Court should grant defendant's motion to transfer the case to the District, Maryland, Greenbelt Division pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) accords a district court broad discretion with respect to transferring a case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988).

The Court decides whether to exercise its discretion "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones,* 211 F.3d at 498 (citing *Stewart,* 487 U.S. 22 (1988)). More specifically, the Ninth Circuit has identified the following factors district courts may consider in determining whether a transfer is appropriate:

(1)    the location where the relevant agreements were negotiated and executed,

(2)    the state that is most familiar with the governing law,

(3)    the plaintiff's choice of forum,

(4)    the respective parties' contacts with the forum,

(5)    the contacts relating to the plaintiff's cause of action in the chosen forum,

(6)    the differences in the costs of litigation in the two forums,

(7)    the availability of compulsory process to compel attendance of

unwilling non-party witnesses, and

(8)      the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99. "Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis." *Id.* (citing *Stewart*, 487 U.S. at 29). The Ninth Circuit has also stated, however, that the "relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.*

The last two factors – the forum selection clause and Idaho's public policy against enforcing them – are strong factors that pull in opposite directions. However, Idaho's public policy against enforcing forum selection clauses should be weighted more heavily since this case is a perfect example of why such a public policy exists in Idaho – the Defendant is not a citizen of Idaho; Defendant has never had any contact with Idaho; all the witnesses and evidence are outside of Idaho; Defendant will have difficulty traveling to Idaho to participate in the litigation because of health issues; and Defendant did not even sign the alleged contract. [Kramm Decl., ¶¶ 2-9.]

After considering these factors, and the below, the Court should grant the motion and transfer the case to the District, Maryland, Greenbelt Division for the convenience of the parties and witnesses, as well as the interests of justice.

## A.    <u>Factor One – Location of the Agreement's Negotiation & Execution</u>

The first factor weighs in favor of defendant because it appears to have been negotiated and executed in Maryland or the D.C. metropolitan area, and not in Idaho. [Kramm Decl., ¶¶ 3-7.]  Although defendant disputes that he ever negotiated or signed the agreement, it is clear that neither he nor anyone from his company traveled to Idaho to negotiate or execute the agreement. [Ibid. ¶¶ 7, 8.]

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 15**

**B.  Factor Two – Familiarity with Governing Law**

The second factor, familiarity with governing law, weighs in favor of transferring this case to Maryland. Although it is not apparent from the face of the contract attached to the Complaint, in the event that the complete contract provides that it will be governed by Idaho law, despite the fact that it may be advantageous to have questions of substantive state law decided in a federal court sitting in the state whose substantive law governs, *Van Dusen v. Barrack*, 376 U.S. 612 (1964), it is equally true that federal courts are routinely tasked with applying the laws of other states. The substantive law of Idaho with respect to noncomplex contract disputes, such as here, is not significantly different from Maryland law, such that a Maryland federal court could not competently adjudicate the dispute.

**C.  Factor 3 – Plaintiff's Choice of Forum**

Due to the "strong presumption in favor of honoring plaintiff's choice of forum" the third factor – plaintiff's choice of forum – weighs in plaintiff's favor. *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995). However, plaintiff's choice of forum should not be accorded much weight because of Idaho's strong public policy against such clauses.

**D.  Factors 4 & 5 – Contacts with the Forum**

The fourth and fifth factors, the respective parties' contacts with the forum, and "the contacts relating to the plaintiff's cause of action in the chosen forum," *Jones*, 211 F.3d at 498-99, favor defendant.

Defendant has no contacts whatsoever with Idaho. [Kramm Decl., ¶¶ 2-8.]   His business, Center Pet Pharmacy, was incorporated in Washington, D.C., and eventually filed for Chapter 7 bankruptcy in the District of Maryland. [Ibid, ¶ 3.]   Defendant at all relevant times has been a resident of Maryland. [Ibid, ¶ 2.]  Any contact with plaintiff has been with its

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 16**

satellite in the state of Maryland. [Ibid, ¶¶ 4, 6, 7, 8.]

On the other hand, Plaintiff is incorporated in the state of Idaho, and has its principal place of business in Idaho, [Complaint, ¶ 1], however, Plaintiff has reached out an purposefully done business in Maryland. [Kramm Decl., ¶¶ 2-8.]

Idaho is not a convenient forum since the claims at issue do not arise out of any action in Idaho, nor was the agreement negotiated or executed in Idaho. [Kramm Decl., ¶¶ 2-8.] *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.")

E. **Factors Six, Seven & Eight – Costs of Litigation; Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses, and Ease of Access to Sources of Proof**

The sixth, seventh, and eighth factors – costs of litigation; ability to compel non- party witnesses to attend depositions, and the ease of access to sources of proof – favor litigating the case in Maryland, rather than Idaho.

The cost of litigation in Idaho would be huge for defendant as opposed to the cost in Maryland since he would have to travel by car, if even allowed by his doctor, in order to appear in Idaho, as well as make and pay for lodging arrangements. [Kramm Decl., ¶ 9.]

Compelling witnesses to participate in litigation in Idaho will be costly and inefficient. Defendant's witnesses, which include Dan Teich, the staff veterinarian for Center Pet Pharmacy, who has knowledge of and will testify about the alleged agreement, the dealings between Plaintiff and Defendant, payments made to Plaintiff, and who may have signed Mr. Kramm's name on the alleged agreement are all located in Maryland or the D.C. area. [Kramm Decl., ¶ 7.] Additionally, Plaintiff's representative, Dagmar Sachs, is a witness located in

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 17**

Maryland or D.C. who will be called to testify with respect to the contract, the business dealings between Plaintiff and Defendant, conversations that took place, payments made and products delivered, and who signed the agreement. [Ibid.] It will be difficult and expensive to get these out of state witnesses to appear in Idaho for this litigation. Significantly, it does not appear that any witness with personal knowledge of this contract or this dispute is located in Idaho. *Cf. Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989) (to support its contention that witnesses were beyond the trial court's reach, moving party "obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included").

Finally, to defendant's knowledge, all sources of proof are located in Maryland or the D.C. area, and not in Idaho. [Kramm Decl., ¶ 8.] It is possible that plaintiff's satellite in Maryland/D.C. transferred payments to its main office in Idaho, but all of defendant's records are located in Maryland/D.C., and defendant has zero sources of proof located in Idaho.

In sum, after considering all these factors, the Court should grant the defendant's motion to transfer of venue to the District, Maryland, Greenbelt Division.

## V.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case for lack of personal jurisdiction, or for improper forum and forum non conveniens, or in the alternative, transfer the venue to the District, Maryland, Greenbelt Division.

WHEREFORE, Defendant respectfully requests that the Court

1. Dismiss this case for lack of personal jurisdiction over the Defendant; or in the alternative

2. Dismiss this case for improper venue and under the doctrine of forum non conveniens; or in the alternative,

3. Transfer venue to the District, Maryland, Greenbelt Division.

DATED this 4th day of September 2015      ROARK LAW OFFICES


   /s/Holly Roark_____
Holly Roark, Attorney for Defendant, Kenny Kramm


**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 19**

## DECLARATION OF KENNY KRAMM

I, Kenny Kramm, declare as follows:

1.      I am the Defendant sued in this action. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify thereto truthfully.

2.      At all relevant times herein I have been a resident and citizen of the State of Maryland, County of Montgomery.

3.      My former pet pharmacy business located in Washington D.C. called Center Pet Pharmacy, Inc., (incorporated in Washington D.C.), filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland on May 7, 2013, Case No. 13-18018. It has been closed since that day.

4.      All my business dealings with respect to this matter have taken place in the DC metropolitan area (MD, VA & DC).

5.      I have had no contacts with the State of Idaho, have not availed myself of the privilege of doing business in Idaho, and I did not reasonably anticipate being sued in Idaho. I have never been to the State of Idaho and have not communicated with anyone from MWI Veterinary Supply Co. in Idaho to the best of my knowledge.  I did not perform nor sign the alleged contract in Idaho. In fact, I did not sign this contract at all, as I was in the hospital when this agreement was allegedly signed. It was standard procedure for me and Center Pet Pharmacy to *never* sign any personal guarantee for a business contract. I have not confirmed who would have signed this agreement in my absence, but I did not give anyone any authority to sign a personal guarantee in my name.

6.      Furthermore, any veterinary supplies my business may have received did not come from Idaho, but from a warehouse in this DC metropolitan area.  Any communications with MWI Veterinary Supply Co. were in the DC metropolitan area. At no time did I ever have any knowledge that MWI Veterinary Supply Co. was located in Idaho, was incorporated there, or had its principal place of business there.  I dealt exclusively with plaintiff's local DC representative, Dagmar Sachs.

7.    All my witnesses are located in the DC metropolitan area. These include: Dan Teich, the staff veterinarian for Center Pet Pharmacy who has knowledge of and would be called to testify about the alleged agreement, the dealings between plaintiff and defendant, payments made to plaintiff, and who may have signed my name on the alleged agreement and personal guarantee. Additionally, plaintiff's representative, Dagmar Sachs, located in Maryland/DC is a witness in this case who would be called to testify with respect to who she interacted with respecting the contract, the business dealings between plaintiff and defendant, conversations that took place, payments made and products delivered, and who allegedly signed the agreement and personal guarantee. I know of no witnesses located in Idaho.

8.    To my knowledge, all my evidence is located in Maryland/DC. I have no knowledge of what the plaintiff's Idaho office may have in terms of sources of proof, since I only ever dealt with the local Maryland/DC office. All payments were charged to an American Express Card. Payments were usually made over the phone and it was always my belief that I was calling a local company to make payment.

9.    Moreover, I have been diagnosed with 5 Deep Vein Thrombosis, and 1 embolism, caused by the fact that I am missing protein C. If one of the thrombosis or the embolism breaks off and starts moving up it could end up in an aneurism which could be fatal. As a result of my condition, I cannot travel by plane, and cannot meaningfully participate in the litigation against me in Idaho. I would have to travel by car, assuming my doctor even allowed me to travel, which would be a great strain. It is also a financial hardship for me to travel to Idaho to participate in this litigation as I would have to pay for lodging as well.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 4, 2015, at Potomac, Maryland.

_Kenneth Kramm_
Kenny Kramm

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of September, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Stephen J Blaser, Attorney for Plaintiff
steve@bollaw.net

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/Holly Roark_____
Holly Roark, Attorney for Defendant

**DEFENDANT KENNY KRAMM'S MOTION TO DISMISS VERIFIED COMPLAINT DUE TO: (1) LACK OF PERSONAL JURISDICTION - OR IN THE ALTERNATIVE FOR - (2) IMPROPER VENUE AND FORUM NON CONVENIENS - OR IN THE ALTERNATIVE - MOTION TO TRANSFER VENUE - 20**